**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| FOR THE USE AND BENEFIT OF | : | |
| WFI GEORGIA, INC., et al., | : | |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NOS. |
| | : | 1:07-CV-2445-JOF |
| v. | : | AND 1:08-CV-2307-JOF |
| | : | |
| GOVERNMENT TECHNICAL | : | |
| SERVICES, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

**OPINION AND ORDER**

The instant matter is before the court on Defendant Government Technical Services, LLC's ("GTS") Motion to Stay Pending Arbitration [45]; Defendant The Gray Insurance Company's ("Gray") Motion to File Cross-Claim and Third-Party Demand [49] and Motion to Enroll as Attorney-in-Fact for the Government [85]; Plaintiff United States of America for the Use and Benefit of WFI Georgia, Inc.'s ("WFI") Motion to Compel Discovery [61], Motion to Strike [66],[1] Motion for Default Judgment [76], Supplement Motion for Default

---

[1] Plaintiff WFI requests that the court strike docket entry [64], Defendant Gray's Response in Opposition of Plaintiff's Motion for Enlargement of Time [59]. The court DENIES Plaintiff's Motion to Strike.

Judgment [87], and Motion to Confirm Arbitration Award [92]; and Plaintiff Capital Computer Group, LLC's ("CCG") Motion for Default Judgment [78].[2]

The instant action is a contractor-subcontractor and surety dispute under the Miller Act, 40 U.S.C. § 270(a)(b) arising out of a 2005 construction project at the Center for Disease Control and Prevention. Subcontractors WFI and CCG are suing general contractor GTS and its surety, Gray, to recover unpaid fees. Gray has filed a cross-claim and third-party demand against GTS for indemnity under their surety agreement. The claims between WFI and GTS have been arbitrated, and the arbitrator has resolved all claims and counterclaims between these parties.

**A.    Underlying Counsel Concerns**

The court has issued several orders concerning Defendant GTS's lack of counsel. On July 17, 2008, R. Kyle Woods filed a motion seeking permission to withdraw as attorney of record for GTS. The court granted this motion on September 3, 2008, and GTS has been without counsel since that time. On November 21, 2008, the court issued an order *sua sponte* regarding GTS's lack of counsel. The court noted that under Local Rule 83.1 a corporate defendant may not proceed in this court without representation, and a corporate

---

[2]On October 14, 2008, this court consolidated case number 1:08-CV-2307 by plaintiff CCG with case number 1:07-CV-2445 by plaintiff WFI under lead case number 1:07-CV-02445. The consolidated parties are now filing all substantive motions under case number 1:07-CV-02445-JOF. The court DIRECTS the Clerk of Court to administratively close case number 1:08-cv-2307.

2

defendant who fails to obtain counsel risks default. The court directed GTS to obtain counsel within thirty calendar days and provide the court with the name and contact information for said counsel. If GTS failed to do so, the court directed the Clerk of Court to enter a default and directed Plaintiffs to file motions for default judgment.

On November 26, 2008, Defendant Gray filed a Motion for Relief from [62] Order on Motion to Withdraw as Attorney. Gray asked that the court temporarily reinstate Mr. Woods as GTS's counsel so that the court could adjudicate Gray's Motion for Leave to File Cross-Claim and Third-Party Demand. Gray understood that as GTS's surety, it could ultimately become bound by any default judgment entered against GTS. Gray wanted the court to adjudicate its Motion for Leave because in that motion Gray had demanded to exercise its right under its surety agreements with GTS to become GTS's attorney-in-fact with respect to any disputes involving GTS's contracts with Plaintiffs. Gray maintained that once it was appointed attorney-in-fact for GTS, GTS would no longer be in violation of L.R. 83.1 and in risk of default and ultimately default judgment on that basis. The court DENIED Gray's motion on January 6, 2009, and granted Gray thirty calendar days to obtain counsel on behalf of GTS. The court found that if Gray failed to do so then the default entered against GTS on December 30, 2008, would remain on the docket and the court would proceed to adjudicate the pending motions for default judgment against GTS. The court held that if Gray obtained counsel for GTS within the prescribed period that the Clerk of Court

3

should set aside the default against GTS pursuant to Fed. R. Civ. P. 55(c) and deny any pending motions for default judgment. Gray responded to the court's January 6, 2009 order with another request to be appointed as attorney-in-fact for GTS.

The court recognizes that its orders on the issue of GTS's counsel may have caused considerable confusion for the parties. The court's orders were an attempt to balance Gray's right as surety to act as attorney-in-fact for GTS and defend Plaintiffs' claims against it; Gray's legitimate concern that it would be bound as GTS's knowing surety by any default judgment against GTS for failure to obtain counsel; the presence of claims between GTS and Plaintiffs in which Gray has an interest in defending GTS and the presence of other claims between Gray and GTS in which these two parties have different interests; and the dictates of L.R. 83.1. The court offers the following holding as a clarification. With respect to the Plaintiffs' claims against GTS under their respective subcontractor agreements and the Miller Act, GTS is represented by Gray as GTS's attorney-in-fact pursuant to their surety agreement. *See* Section C, *infra*. With respect to Gray's cross-claims against GTS under the indemnity agreement, *see id.*, GTS is proceeding without counsel and is in risk of default under L.R. 83.1.

AO 72A
(Rev.8/82)

**B.      Motion to Stay Pending Arbitration [45] and Motion to Confirm [92]**

Article six of the subcontract between GTS and WFI states that all disputes between the parties arising out of the subcontract shall be submitted to binding arbitration. (Mot. to Stay, at Ex. A, Ex. 1, § 6). Therefore, on May 8, 2008, WFI submitted its payment disputes with GTS to the American Arbitration Association ("the AAA") for resolution. (Mot. to Stay, at Ex. A). The AAA issued a notice of arbitration on May 22, 2008, and GTS's response and counterclaims were due on or before June 13, 2008.

On June 5, 2008, GTS moved the court to stay discovery with respect to some or all of WFI's claims pending its arbitration with GTS. On February 10, 2009, before the court had resolved GTS's motion, Plaintiff WFI informed the court that the claims between it and GTS had been arbitrated and moved the court to confirm the arbitrator's award of $554,544.01 in favor of WFI as the order of the court. As such, GTS's Motion to Stay [45] is DENIED as MOOT.

The court will consider WFI's Motion to Confirm. Under the Federal Arbitration Act:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.

5

9 U.S.C. § 9. A district court may vacate an order of arbitration where (1) the award was procured by corruption, fraud or undue means; (2) the arbitrators were partial or corrupt; (3) the arbitrators engaged in misconduct for refusing to postpone a hearing or hear pertinent and material evidence; or (4) the arbitrators exceeded their powers. 9 U.S.C. § 10. A district court may modify an award where (1) there was material miscalculation; (2) the arbitrators have awarded upon a matter not submitted to them, or (3) an award is imperfect in matter of form. *Id.* § 11. There is no evidence before the court that the arbitration award has been vacated, modified, or corrected and no party has moved this court to do so. Therefore, this court hereby enters judgment in favor of WFI and against GTS in the amount of $554,544.01. The court DISMISSES GTS's counterclaims against WFI.

**C.    Motion to File Cross-Claim and Third-Party Demand [49] and Motion to Enroll as Attorney-in-Fact for the Government [85]**

Defendant Gray is joined as a defendant in this matter by virtue of its status as Miller Act surety for Defendant GTS. Gray and GTS executed a surety agreement which stated in relevant part:

> (3) The Indemnitors will indemnify and hold the Surety harmless from all loss, liability, damages and expenses including, but not limited to, court costs, interests and attorney's fees, which the Surety incurs or sustains (1) because of having furnished any Bond, or (2) because of the failure of an Indemnitor to discharge any obligation under this Agreement, or (3) in enforcing any of the provisions of this Agreement.
> (4) On demand by the Surety, the Indemnitors will pay the Surety the amount deemed necessary by the Surety to protect itself from all losses or expenses

6

> as soon as the Surety determines that liability exists, whether or not the Surety has made any payment or created any reserve.
>
> . . . .
>
> (7) With respect to any Bond issued on behalf of an Indemnitor, all Indemnitors assign, transfer and convey to the Surety:
>> A. All rights of the Indemnitors, arising from, or related to such Bonds or any bonded or unbounded contracts or any extensions, modifications, alterations or additions thereto.
>
> . . . .
>
> (12) The Indemnitors irrevocably constitute, appoint and designate the Surety as their attorney-in-fact with the right, but not the obligation, to exercise all rights of the Indemnitors assigned to the Surety, and, in the name of the Indemnitors, to execute and deliver any other assignments or documents deemed necessary by the Surety to effectuate and exercise the rights given it under this Agreement including, but not limited to, the right to endorse the name of any Indemnitor upon any securities, checks, drafts or evidences of debt. The Indemnitors hereby ratify and confirm all acts and actions taken by the Surety as such attorney-in-fact.
>
> . . . .
>
> (14) Any Indemnitor shall immediately notify the Surety in writing of any demand, notice, suit, action, or proceeding referring to any Bond.
>
> The Surety may adjust, settle or compromise any claim, demand, suit or judgment upon any Bonds. If requested by an Indemnitor, the Surety shall litigate such claim or demand or defend such suit, or appeal from such judgment, provided that the Indemnitor deposits with the Surety, at the time of such request, collateral satisfactory to the Surety to be used to pay any judgment rendered plus interest, costs, expenses and fees, including those of the Surety.

(Mot. to File, at Ex. A). Pursuant to the bond Gray provided to GTS, Gray has received four claims by subcontractors of GTS, including the two Plaintiffs in this case. Gray has settled with the other subcontractors for $1,237.48 and $26,275.50. GTS has not indemnified Gray

7

for these settlements and has not provided funds to Gray to defend itself in the instant case, in which Gray has already incurred $41,461.08 in alleged costs.

Pursuant to the provisions of the surety agreement Gray requests leave from the court to file a cross-claim and third-party demand alleging counts of quia timet, exoneration, and specific performance. Gray likewise requests that it be allowed to exercise its rights under the surety agreement to act as GTS's attorney-in-fact with respect to this litigation. For good cause shown the court will GRANT Defendant Gray's Motion to File Cross-Claim and Third-Party Demand [49] and Motion to Enroll as Attorney-in-Fact for the GTS [85].

### D.     Motion to Compel Discovery [61]

On August 26, 2008, Plaintiff WFI filed a motion for an order compelling GTS to produce documents responsive to Request for Production Numbers 6, 7, 9, 18-21, 25-29, 31, 32, 39, 40, and 42, and Interrogatory Numbers 2 and 11 filed on April 11, 2008. Local Rule 37.1A outlines the form in which parties are to file all motions to compel a disclosure or discovery. Plaintiff WFI has not followed this format with respect to the instant motion to compel. The court DENIES WFI's Motion to Compel Discovery [61] WITH LEAVE TO RENEW in appropriate L.R. 37.1 format within fifteen (15) days of the date of this order.

### E.     Plaintiffs' Motions for Default Judgment and Motion to Dismiss Counterclaim [76, 78, 87]

Plaintiffs ask the court to enter default judgment against Defendant GTS and dismiss GTS's counterclaims against them because GTS has failed to obtain counsel as directed by

AO 72A
(Rev.8/82)

the court in its November 21, 2008 order. Pursuant to the court's clarification regarding the counsel issue in section A of the this order and the court's holding in section C that Gray is now attorney-in-fact for GTS with respect to all claims arising out of the GTS subcontracts, the court DENIES Plaintiffs' Motions for Default Judgment [76, 78, 87].

The Court DIRECTS the Clerk of Court to administratively close case number 1:08-CV-2307.

IT IS SO ORDERED this 27th day of March 2009.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)